THE STATE OF KANSAS v. E. C. PYATT.

No. 14,603.　(82 Pac. 1134.)

1. INTOXICATING LIQUORS—*Sale by a Physician.* C. purchased liquor from defendant, a physician, with money furnished by L. for that purpose. It was held that, so far as defendant is concerned, this was a sale to C., and that, the court having submitted to the jury the question whether the liquor was sold as a beverage or administered, a judgment of conviction for an illegal sale would not be disturbed.

2. PRACTICE, SUPREME COURT—*Retaxing Costs.* Defendant, who was acquitted on three of four counts, was charged with all the costs of the prosecution. It was held that he had no cause to complain here, no motion to retax costs having been made.

Appeal from Chautauqua district court; GRANVILLE P. AIKMAN, judge. Opinion filed December 9, 1905. Affirmed.

44—72 KAN.

*C. C. Coleman,* attorney-general, and *Chas. D. Shukers,* county attorney, for The State; *Brooks & Spencer,* of counsel.

*Sproul & Van Tuyl,* for appellant.

*Per Curiam:* The defendant appeals from a conviction upon one count of an information charging him with selling intoxicating liquor without having procured a permit therefor. The state at the trial elected to rely for conviction upon the evidence relating to a sale made to Oscar Cardin. The defendant claims that the evidence was that N. C. Loftin gave Cardin the money and asked him to buy the liquor and bring it to him, and that Cardin did so; that Loftin's sole purpose in the matter was to obtain evidence against the defendant. It is contended that this evidence did not tend to show a sale to Cardin but only a sale to Loftin. The contention is not sound. So far as the defendant was concerned it was a sale to Cardin.

The defendant is a physician, and the argument is made in his behalf that there is nothing in the evidence to show that the transaction complained of was other than a lawful administering of the liquor by him as a medicine. It is at least doubtful whether there was anything in the evidence to raise an issue of this character, but the court submitted it to the jury, directing an acquittal unless it should be found that the liquor was sold as a beverage. If there was error in this it was on the side of the defendant, and as the evidence was sufficient to sustain a conviction under the instruction given the defendant has no ground of complaint.

The defendant was acquitted upon several counts and assigns as error that he was charged with all the costs of the proceeding. As no motion to retax costs was made this is not a matter to be considered now.

The judgment is affirmed.